NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OTONIEL AUGUSTO MARTINEZ-VELEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-70492 <br><br> Agency No. A205-150-365 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:      TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Otoniel Augusto Martinez-Velez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

cancellation of removal, asylum, withholding of removal, and relief under the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Martinez-Velez did not show exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). The petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Martinez-Rosas v. Gonzales*, 424 F.3dat 930.

The record does not compel the conclusion that Martinez-Velez established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)-(5).

Substantial evidence supports the agency's determination that Martinez-Velez failed to establish he suffered harm that rises to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is an "extreme concept that does not include every sort of treatment our society regards as

20-70492

offensive." (internal quotation marks omitted)).  Substantial evidence also supports the agency's determination that Martinez-Velez failed to establish that the harm he fears would be on account of a protected ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Thus, Martinez-Velez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Martinez-Velez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As to Martinez-Velez's asylum, withholding of removal, and CATclaims, we reject as unsupported by the record his contentions that the agency failed to consider evidence, erred in its analysis, or otherwise violated his right to due process.

Martinez-Velez's contention that the agency violated his right to due process or otherwise erred in declining to consider a voluntary departure claim fail where the record demonstrates that he did not request voluntary departure before the IJ.

20-70492

*See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

20-70492